TAMILIA, Judge:
The father of minor, B.R., appeals from the July 25, 1990, Order adjudicating B.R. a dependent child after the court found appellant had sexually abused B.R. and the mother, who refused to believe the allegation, was incapable of protecting the child from possible further abuse. The facts as found by the trial court are set forth below.
*347 On March 9, 1989, Anne Nickels, the director of the Head Start program where 3-V2 year old B.R. was enrolled, reported her suspicions of sexual abuse of B.R. by appellant to the authorities. Ms. Nickels based her suspicions on statements made to her by B.R. as well as her observations of the child’s vaginal area. B.R. was placed in foster care from March 13, 1989 until March 15, 1989, the date of the initial hearing on the allegation of abuse. On March 15, 1989, the court ordered B.R. be returned to her mother’s custody with the stipulation that until the matter was decided, appellant would not be allowed in the home where B.R. resided or at any time be alone with B.R. The court also directed the matter be continued until such time the appellee, Cumberland County Children and Youth Services (hereinafter CYS), arranged for psychological evaluations for appellant, mother and B.R. The psychological/psychiatric evidence was presented at a hearing on August 8, 1989, and, on July 25, 1990, the court adjudicated B.R. dependent, directed CYS to make efforts to return B.R. to the home and to provide protective services and ordered the parents to comply with counseling as directed by CYS.
Appellant argues the evidence was insufficient to sustain findings B.R. was sexually abused and that the parents failed to care for B.R. and continue to be incapable of providing for B.R.’s best interests. Appellant also argues the court’s jurisdiction lapsed when it failed to render an opinion until almost one year after the final hearing on the matter. Initially, we will address the latter issue.
Appellants contend the court failed to render a decision on B.R.’s dependency until “one year, four months and twelve days after the child was originally taken from her parents.” (Appellant’s brief at p. 6.) Such a delay, appellant alleges, forced the family unit to remain in limbo and violated the mandate of the Juvenile Act:
§ 6341. Adjudication
(c) Finding of dependency. — If the court finds from clear and convincing evidence that the child is dependent, the court shall proceed immediately or at a postponed *348 hearing, which shall occur not later than 20 days after adjudication if the child has been removed from his home, to make a proper disposition of the case.
42 Pa.C.S. § 6341(c). The last hearing on this matter was August 8, 1989, and the court rendered a decision approximately one year later on July 25, 1990. A violation of this provision, while unusual and in this case unexplained, does not result in a lapse of the court’s jurisdiction as contended by appellant. The facts reveal B.R. was removed from her home for only two days in March, 1989, pending the March 15, 1989, hearing after which B.R. was returned to the custody of her mother. It is a consequence of the mother’s decision to allow appellant to return to the marital home that forced B.R. to reside with her paternal grandparents. The juvenile court does not lose jurisdiction over a dependent child simply due to the passage of time, particularly where the court has not removed the minor from her parents’ custody and the child’s absence from the home is a result of the custodial parent’s action. The removal from the parents’ home is not, therefore, chargeable to the court. In this instance, however, the court failed to conduct the proceedings in accordance with the spirit, if not the letter, of the Juvenile Act.
The Juvenile Act, contained in Title 42 Pa.C.S., Judiciary and Judicial Procedure, (see In Interest of Smith, 396 Pa.Super. 624, 579 A.2d 889 (1990)), is procedural in nature and when followed, provides an expedient and complete means for serving the needs of dependent and delinquent children. The reason for proceeding in accordance with the Juvenile Act is to empower the court to effectively intervene in applying the extraordinary remedies available to it. First, if the child has been taken into custody, the Juvenile Court must have a shelter/detention hearing within 72 hours and second, a dependency petition must be filed within 24 hours. 42 Pa.C.S. § 6331. If the child remains in custody and is not returned to the parents, a dependency hearing on the petition must be held within 10 days. 42 Pa.C.S. § 6335(a) (reasonable continuations being permitted *349 for an additional 10 days for various reasons, 42 Pa.C.S. § 6335(a)(1),(2)). While the Act is silent as to the time for completing an adjudicatory proceeding, when the child has been returned to the parents it goes without question that a delay of almost one year is unwarranted. The reasons for this are manifest. First, 42 Pa.C.S. § 6301, Short title and purpose of chapter, provides:
(b) Purposes — This chapter shall be interpreted and construed as to effectuate the following purposes:
(1) To preserve the unity of the family whenever possible and to provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this chapter.
(3) To achieve the foregoing purposes in a family environment whenever possible, separating the child from parents only when necessary for his welfare or in the interests of public safety.
(4) To provide means through which the provisions of this chapter are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.
Id. Here, the failure to enter an adjudicatory Order soon after the hearing of August 8, 1989, rendered any authority of CYS to render assistance pursuant to the Child Protective Service Law, 23 Pa.C.S. § 6301 et seq., subject to legal attack. Beyond a point of emergency intervention, whereby CYS takes the child into protective custody, the CYS function is synchronized with and dependent upon juvenile court Orders. See 23 Pa.C.S. § 6370(a), Service for protection of child at home or in custody, (b) Intervention of court proceedings, and section 6371, Rehabilitative service for child and family.
Thus without an adjudication, due process was lacking for imposition of any of the dispositional alternatives available under the Juvenile Act. 42 Pa.C.S. § 6351. See Interest of Sweeney, 393 Pa.Super. 437, 574 A.2d 690 (1990). Since one *350 of those alternatives was to permit the child to remain with her parents, guardian or other custodian, subject to conditions and limitations as the court prescribes, including supervision as directed by the court for the protection of the child, CYS was powerless to effectively rehabilitate the family as mandated by both the Juvenile Act and Child Protective Service Law. Delay is harmful in dealing with these problems particularly when the child is so young and the family so unifiable. There is nothing the court did on July 25, 1990, that it could not have done or ordered on August 8, 1989. While the delay did not oust the court of its jurisdiction as contended by appellant, it did serve, unaccountably, to increase the likelihood of further family dysfunction and danger of further abuse to the child. Also, without court monitoring and direction, the family was left to its own devices and, to abide by the preliminary court Order forbidding father-child contact, the child was sent by the mother to live with grandparents and the father returned to the home. Had the adjudicatory and dispositional Orders been entered expeditiously, it is likely that the family would have been united by now or a determination made that other dispositional alternatives were required. We find the court did not abuse its discretion in entering the Order of July 25, 1990, but acted within its plenary jurisdiction and power after reviewing the circumstances of the dependent juvenile and receiving testimony from the parents, CYS and other witnesses concerning the condition and needs of B.R. Adjudicating the child dependent complied with section 6341, and the Order of disposition simultaneously entered was best suited to the protection and physical, mental and moral welfare of B.R. See 42 Pa.C.S. § 6351, Disposition of dependent child; In re Tameka M., 368 Pa.Super. 525, 534 A.2d 782 (1987), aff'd, 525 Pa. 348, 580 A.2d 750 (1990).
This Court’s standard of review with regard to appellant’s sufficiency of the evidence arguments is limited to viewing the evidence in the light most favorable to CYS as the verdict winner; our sole duty is to decide whether *351 there was sufficient evidence to sustain the verdict. Fanin v. Cratty, 331 Pa.Super. 326, 480 A.2d 1056 (1984). A finding of dependency must be based on clear and convincing evidence. In re Barclay, 321 Pa.Super. 417, 468 A.2d 778 (1983). The burden of proof in a dependency proceeding is on the petitioner, herein CYS, who must show the juvenile is without proper parental care, and that such care is not immediately available. In re Swope, 391 Pa.Super. 484, 571 A.2d 470 (1990).
Appellant’s argument there was insufficient evidence for the court to find B.R. had been sexually abused is without merit. Barbara Earns, B.R.’s teacher at the Head Start program, testified her suspicions of possible sexual abuse of B.R. by appellant were aroused when, on March 9, 1989, B.R. complained urinating pained her because her father had touched her with his fingernail in her vaginal area (N.T., deposition testimony of Barbara Earns, 3/15/89, pp. 4-5). B.R. also told Earns the appellant had touched her stomach and breast areas and made her lick him and when she did this water went down her throat (Id, at 5-6). Earns’ examination of B.R.’s vaginal area revealed redness and an odor (Id. at 7). Chris Collie, a social worker intern at the Head Start program who was specifically assigned to B.R. in an attempt to help the child socialize, testified on this same day B.R. offered Ms. Collie the tail of a stuffed kitten and told her to suck its tail. When Ms. Collie feigned ignorance, B.R. made a “face with her mouth” and made a sucking noise “like she was sucking a lollipop.” (Id. at 18-19.) When B.R.’s mother was informed of the allegations of abuse, she took B.R. to a hospital emergency room where an examination revealed nonspecific redness and tenderness involving the labia. The examining physician, Mark Bjorklund, M.D., testified B.R. told him her father had touched that area with his fingernail because she had done something wrong (N.T., 3/15/89, pp. 7-8). The court also considered and found credible the testimony of B.R. who testified the appellant hurt her with his fingernail and/or finger on at least two occasions when he touched B.R.’s vaginal *352 area. During these episodes, B.R.’s mother was in the home but not in the room where the assault occurred.
Based on the testimony and evidence of record we find there is sufficient evidence to sustain the trial court’s finding of sexual abuse or exploitation of B.R. by the appellant.
It is imperative that this case face no further delay in receiving the service required under the Child Protective Service Act and the Juvenile Act. We, therefore, instruct that upon return of the record to the trial court, a disposition review hearing be held within 30 days wherein the progress or lack of it may be reviewed by the court and appropriate remedial action be taken. Pursuant to section 6351(e), Disposition review hearings, a child who has been placed outside the home of his parents, guardian or custodian is required to have a dispositional review hearing within six months of removal from the home. Since placement with the grandparents by the mother was ratified by the Order of July 25, 1990, it appears such a hearing is long overdue. It is also recommended to the trial court that this case be time listed to a date certain for any successive reviews, until the case is closed. Experience proves that cases continued generally are lost in the heavy workload of a busy court and overstressed agency. The only practical means of monitoring performance of the agency and to assure the case is not forgotten is by regularly scheduled reviews, with a specifically determined date established for each review. Had adjudicatory and dispositional Orders been expeditiously entered and reviews set for dates certain, we would not be faced with many of the issues presented here.
For the foregoing reasons, we affirm the July 25, 1990, Order adjudicating B.R. dependent.
Order affirmed.